**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADAM AKHMEDOVICH AZIMOV, | No. 15-70694 |
| Petitioner, | Agency No. A200-865-232 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 24, 2021[**]

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Adam Akhmedovich Azimov, a native and citizen of Russia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Azimov's contention that the late filing of his asylum application should be excused, because he did not challenge the IJ's determination of that issue in his appeal to the BIA. *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

Substantial evidence supports the BIA's conclusion that Azimov failed to establish either past persecution or a likelihood of future persecution in Russia. *See, e.g., Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) ("[P]ersecution is an extreme concept [that] does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident . . . ."), *superseded by statute on other grounds as stated in Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007) (per curiam). Thus, Azimov's claim for withholding of removal fails.

15-70694

Substantial evidence also supports the agency's denial of CAT protection because Azimov failed to show that it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Russia. *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**